BEFORE THE FIRST DIVISION, FEBRUARY 4, 1944

**No. 49191.**—Petition 6335–R of L. Bamberger & Co. (New York).

Opinion by WALKER, J.   This case involves merchandise purchased in June 1941, and entered in November of that year.   At the trial the president of the customs brokerage company making entry testified that the shipment in question was the first made by his principal and that prior to entry he (the customhouse broker) submitted the invoice to the appraiser at Newark but found there was no other information than that shown on the invoice.   He thereupon made entry at the invoice price of $1.45 per square meter.   Later, however, when he received notice of appeal taken by the collector he took the matter up with the foreign department of the petitioner and was advised "that they had had information that the price had advanced from the invoiced price to   *   *   *   $1.85."   He further testified that he himself did not have that information at the time he made entry and that after he received it he instructed his attorneys to agree with the Govern-

ment that the proper dutiable value was $1.85. It does not appear just when the principal received the information or that the agent ever consulted the principal with respect to the correct value, or took occasion to advise him concerning such value until he learned of an advance by the action of the collector in calling for reappraisement. The Government called to the stand the examiner at New York upon whose suggestion the Newark collector had taken the appeal to reappraisement. He stated that the price had steadily advanced from $1.45 in June to $1.85 in November and that it was not a sudden jump. The court was of the opinion that prudence would require a business man to check on the price of a new type of merchandise entered 5 months after purchase, and stated that the mere fact that the agent made a routine request of the examiner for information, standing alone, does not entitle the petitioner to a finding in its favor. On the record presented the petition was denied. *Finsilver* v. *United States* (13 Ct. Cust. Appls. 332, T. D. 41250) and *Stone* v. *United States* (13 id. 337, T. D. 41251) cited.